IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LUKE A. PRINDABLE, #Y28834,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00199-SMY |
| | ) |
| **C/O BRIGGS,** | ) |
| **C/O BECKER,** | ) |
| **CITY OF BELLEVILLE** | ) |
| **ST. CLAIR COUNTY,** | ) |
| **STATE OF ILLINOIS,** | ) |
| **RICHARD WATSON, and** | ) |
| **JOHN DOE,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Luke A. Prindable filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at the St. Clair County Jail.[1] This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was given food trays that had been tampered with on May 19, December 24, and December 29, 2021. He believes baking soda, lye, and semen were put in his food. He suffered chemical burns in his mouth after eating from the May 19th food tray and developed herpes sores and a rash on his lips

---

[1] Plaintiff used a civil rights complaint form and also marked the box for Federal Tort Claims Act ("FTCA") for actions against the United States for torts committed by federal officials. *See* 28 U.S.C. §§ 1346, 2671-2680. Because Plaintiff asserts claims arising out of his detention in a county jail, the FTCA is not applicable

after eating from the December 24th tray. Officer Briggs gave Plaintiff the food trays on May 19th and December 24th, and Officer Becker gave him the food tray on December 29th. Briggs and Becker threatened Plaintiff to stop him from complaining about the food trays. Based on the threats, he feared for his life.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[2]

Count 1: Eighth or Fourteenth Amendment claim against Briggs for tampering with Prindable's food trays on May 19 and December 24, 2021 creating a risk to his health and safety.

Count 2: Eighth or Fourteenth Amendment claim against Becker for tampering with Prindable's food tray on December 29, 2021 creating a risk to his health and safety.

Count 3: First Amendment claim against Briggs and Becker for threatening Prindable with serious harm in an effort to deter him from exercising his First Amendment right or otherwise complaining about his conditions of confinement.

**Preliminary Matters**

Plaintiff is a frequent litigant in this District, having filed nine cases since April 27, 2021. *See* SDIL case nos. 21-418, 21-527, 21-685, 21-696, 21-697, 21-826, 21-827, 21-930, 22-199, and 22-254. In the Complaint filed herein, he failed to reveal two strikes he has been assessed under 28 U.S.C. § 1915(g) in his litigation history (see SDIL case nos. 21-827 and 21-930), despite explicit instructions to do so on the form. (Doc. 1, pp. 4-5).[3] The form also warns that failure to fully disclose litigation history may result in sanctions, including dismissal of the case. (*Id.*, p. 3).

---

[2] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

[3] Plaintiff omitted 21-930, which was dismissed and a strike assessed on December 9, 2021. *See* SDIL case no. 3:21-cv-00930-NJR, Doc. 10). For 21-827, he omitted the case number and wrote "awaiting." (Doc. 1, pp. 4-5). However, his appeal of the dismissal in 21-827 was pending at the time he filed this lawsuit. *See* SDIL case no. 3:21-cv-00827-SMY, Doc. 18.

2

Plaintiff will not be sanctioned at this time. However, in the future, should he fail to disclose his full litigation history, including the cases in which he has been assessed strikes, his lawsuit will be summarily dismissed for attempted fraud on the Court.[4]

Plaintiff names the City of Belleville, St. Clair County, the State of Illinois, Richard Watson, and John Doe, despite making no allegations against these defendants. Merely naming a party in the caption of a Complaint does not state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Rather, under Federal Rule of Civil Procedure 8, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). And because Plaintiff brings his claims under § 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). Thus, absent allegations describing what these defendants allegedly did or failed to do in violation of Prindable's constitutional rights, a claim against them cannot proceed. Further, as a result of his past filings and litigation activities, Plaintiff is well aware that the State of Illinois is not subject to suit for money damages under § 1983. *Thomas v. Ill.*, 697 F. 3d 612, 613 (7th Cir. 2012). Therefore, the City of Belleville, St. Clair County, the State of Illinois, Richard Watson, and John Doe will be dismissed from this case.

Plaintiff also refers to individuals in his statement of claim who are not named as

---

[4] Subsequent to the filing of his lawsuit, Plaintiff had a third lawsuit dismissed for failure to state a claim (SDIL case no. 3:21-cv-00826-DWD, Doc. 23). This dismissal represents Plaintiff's third strike under 28 U.S.C. § 1915(g). As a result, he cannot proceed *in forma pauperis* in any lawsuit filed in federal court after April 27, 2022 unless he faces imminent danger of serious physical injury. *Id.*

defendants. Because Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption, claims against any individuals not identified as defendants in the case caption are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

### Discussion

### Counts 1 and 2

If Plaintiff was a convicted person during the relevant time, his claim implicates the Eighth Amendment's prohibition against cruel and unusual punishment. If he was a pretrial detainee, the Fourteenth Amendment due process clause is potentially triggered. Both provisions require jail officials to provide incarcerated individuals with adequate food, medical care, and other basic necessities such as reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities. *Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The allegations in the Complaint state a colorable claim against Briggs in Count 1 and Becker in Count 2.

### Count 3

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Threats aimed at deterring future speech and punishment for past speech are both prohibited under the First Amendment. *Douglas v. Reeves*, 964 F.3d 643, 649 (7th Cir. 2020).

The allegations in the Complaint state a colorable claim against Briggs and Becker in Count 3.

## Disposition

The City of Belleville, St. Clair County, the State of Illinois, Richard Watson, and John Doe are **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties.

Count 1 will proceed against Briggs; Count 2 will proceed against Becker; and Count 3 will proceed against Briggs and Becker.

The Clerk of Court shall prepare for Briggs and Becker: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit

Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 16, 2022**

*s/ Staci M. Yandle*
STACI M. YANDLE
U.S.  District Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**